Von Kaas, Respondent, vs. Hamilton and others, Appellants.

*April 2 — April 28, 1885.*

*Evidence: Employment and value of services of expert book-keeper.*

1. The evidence in this case is held to warrant a finding that the plaintiff was employed by defendants as an expert book-keeper and was entitled to compensation accordingly.

2. The issue being as to the value of services in correcting mistakes in defendants' books, it was not error to exclude a question asked on behalf of defendants: "Is not every mercantile concern liable to get its books out of balance a few dollars?" Nor was it error to exclude a letter written by plaintiff and which had been shown to defendants before they employed him, in which he speaks of his poverty and asks assistance in finding employment.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion. The defendants appealed from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Shepard & Shepard*, and oral argument by *Mr. Chas. E. Shepard*.

*John M. Connolly*, for the respondent.

Orton, J. The complaint is for the value of the services of the plaintiff, employed as an expert book-keeper, for thirty-five days at $8.50 per day, and acknowledges the receipt of $100 in part payment. The answer is a general denial, and alleges that the payment of such $100 was full payment, and that that sum was all the plaintiff's services were worth. The evidence was that the work the plaintiff was employed to do was that of an accountant to examine the defendants' mercantile books of a year's business of $140,000, to detect and correct mistakes therein, and find correct balances. The testimony of the plaintiff and his witnesses tended to prove that such services were those of an expert book-keeper and an accurate accountant, and were

Von Kaas vs. Hamilton and others.

worth $10 per day.   The testimony of one of the defendants and their witnesses tended to prove that the plaintiff rendered such services, but they were worth only at the rate of $60 or $70 per month, and were not those of an expert book-keeper, but those of a common or ordinary book-keeper, whose services could be procured at that rate.   The jury found a verdict for the plaintiff of $150.90, which was over and above the payment of such $100, thus allowing the plaintiff for such services a little less than $7 per day.

The learned counsel of the appellants contend that there was no proof that the plaintiff was *employed* as an expert book-keeper, as alleged in the complaint, and was therefore not entitled to the compensation for such service.   The word "expert" may not have been used when the plaintiff was thus employed, and probably was not, and would not be likely to be used in such a case.   The plaintiff was employed to do that particular work, and the testimony in his behalf was that such services were those of an expert book-keeper.   If this testimony is true, was not the plaintiff *employed* as an expert?   From the evidence on behalf of the plaintiff the jury must have found, and had a right to find, that the plaintiff was employed to do this particular work, and that such services were those of an expert book-keeper, and reasonably worth much more than the services of a common book-keeper regularly employed, and might have properly found that they were worth $10 per day, and given the plaintiff a larger verdict.

As we understand the brief of the learned counsel of the appellants, only two exceptions to the exclusion of evidence are relied upon: (1) Sustaining objection to the question put to defendants' witness Wright, as follows:   "Is not every mercantile concern liable to get its books out of balance a few dollars?"   (2) Rejecting a letter of the plaintiff to the witness Wright, written before such employment, complaining of his poverty and want of employment, and

asking his assistance in finding something for him to do. Wright showed this letter to the defendants, and requested them to employ the plaintiff in this work. Nothing whatever was said in the letter, or by Wright, as to the value of the plaintiff's services, or as to the compensation he might exact for them. Wright testified that the plaintiff " did not say anything about the compensation." The only controverted question in the case was of the value of the services of the plaintiff in doing this particular work as an expert or otherwise. It is very clear that the evidence sought to be elicited by the question, or contained in the letter, had not the remotest bearing upon that issue, and was quite immaterial, unless the value of the plaintiff's services, in this employment sought to be recovered under a complaint in *quantum meruit* ought to be depreciated on account of his poverty. The other testimony offered by the defendants, and which appears in the record to have been rejected, and not specially noticed in the brief of the learned counsel of the appellant, was alike immaterial.

*By the Court.*— The judgment of the circuit court is affirmed.